**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **MELANIE PETERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-00578 |
| | ) | |
| v. | ) | |
| | ) | |
| **PROFESSIONAL FINANCE COMPANY, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the plaintiff, MELANIE PETERSON, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, PROFESSIONAL FINANCE COMPANY, INC., the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. MELANIE PETERSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Fort Collins, County of Larimer, State of Colorado.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Harmony Surgery Center (hereinafter, "the Debt").

6. The Debt was for Plaintiff's medical expenses.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. PROFESSIONAL FINANCE COMPANY, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Colorado. Defendant's principal place of business is located in the State of Colorado. Defendant is incorporated in the State of Colorado.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about April 29, 2015, Defendant sent Plaintiff a correspondence dated April 29, 2015 in an attempt to collect the Debt from Plaintiff.

15. Plaintiff received Defendant's correspondence dated April 29, 2015.

16. The aforesaid correspondence was Defendant's initial communication with Plaintiff regarding the Debt.

17. The aforesaid correspondence dated April 29, 2015 did not contain a statement that unless Plaintiff, within thirty days after receipt of said correspondence, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

18. The aforesaid correspondence dated April 29, 2015 did not identify the creditor to whom the Debt was owed.

19. The aforesaid correspondence dated April 29, 2015 did not identify the balance on the Debt.

20. The aforesaid correspondence dated April 29, 2015 identified a "File Number" of 5132232.

21. Subsequent to receiving Defendant's correspondence dated April 29, 2015, in or around May 2015, Plaintiff initiated a telephone call to Defendant to discuss the content of the correspondence.

22. During the course of the aforesaid telephone call with Defendant, Defendant informed Plaintiff that she owed the Debt and Defendant attempted to collect the Debt from Plaintiff.

23. During the course of the aforesaid telephone call with Defendant, Plaintiff agreed to submit monthly payments to Defendant to pay towards the Debt.

24. On or about July 29, 2015, Defendant sent Plaintiff a correspondence dated July 29, 2015.

25. In the aforesaid correspondence dated July 29, 2015, Defendant did not identify the creditor to whom the Debt was owed.

26. In the aforesaid correspondence dated July 29, 2015, Defendant identified only that the Debt pertained to "various accounts."

27. In the aforesaid correspondence dated July 29, 2015, Defendant identified the balance as $3,595.65.

28. In the aforesaid correspondence dated July 29, 2015, Defendant identified that at Plaintiff was responsible for paying $3,977.42 to pay the Debt in full.

29. The aforesaid correspondence dated July 29, 2015 identified a "File Number" of 689113.

30. Defendant's correspondence of April 29, 2015 and July 29, 2015, as delineated above, were deceptive and misleading given that they had different file numbers, identified only "various accounts" as comprising the Debt, and indicated that the amount due was $3,595.65 but that Plaintiff was responsible for payment of $3,977.42.

31. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt.

32. Despite acknowledging that the Debt was owed in the amount of $3,595.65, Defendant attempted to collect from Plaintiff the amount of $3,977.42.

33. Defendant's representations in its correspondence to Plaintiff had the effect of conveying a misleading message to an unsophisticated consumer as to whom the Debt was owed, in what amount, and what accounts comprised the Debt.

34. Upon information and belief, Defendant was attempting to collect multiple accounts that comprised the Debt, each of which required a separate dunning notice to be mailed to Plaintiff.

35. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

36. In its attempts to collect the debt allegedly owed by Plaintiff to Harmony Surgery Center, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Collected funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

   d. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

37. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

38.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELANIE PETERSON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages of $1,000.00;

    c.     Plaintiff's attorneys' fees and costs;

    d.     Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **MELANIE PETERSON**

    By:    s/ David M. Marco
        Attorney for Plaintiff

Dated: March 10, 2016

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com